Rockingham,
Oct. 7, 1941. } No. 3258.

AMERICAN FIDELITY & CASUALTY CO., INC.

*v.*

STERLING EXPRESS CO., INC. & a.

*Cooper, Hall & Grimes* (*Mr. Grimes* orally), for the petitioner.

*J. Morton Rosenblum* and *Walter M. Espovich* (of Massachusetts) (*Mr. Espovich* orally), for the Sterling Express Company.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for Balcus.

BURQUE, J. The sole issue that presents itself is whether a breach of the condition in the policy requiring notice and coöperation defeats defendant Balcus' right to the benefit of the policy in the event he recovers judgment against the defendant company. It being conceded that the policy was issued in Massachusetts to a resident Massachusetts corporation by an insurance company authorized to do business in that state, the policy is to be strictly construed as a Massachusetts policy. Its terms, in so far as they apply to the Massachusetts coverage, comply, as they must, with the statutory provisions of that state. These provisions are practically the same as those incorporated in the statutory laws of this State, Laws 1937, c. 161, s. 17. They are to the effect that no breach of any conditions in the policy shall be a bar to any recovery by an injured party against the insurance company. Our statute, like the Massachusetts statute, provides that any automobile liability insurance policy *issued in this State* by any insurance company authorized to do business in

the State shall be subject to all our statutory requirements and regulations. The defendant express company contends that the policy in issue, by reason of the fact that it gives extra-territorial coverage comes under and is subject to our statutory laws. The position cannot be maintained. Our State law is to the effect that "no motor vehicle liability policy . . . shall be issued or delivered in the state until a copy of the form of the policy has been on file with the insurance commissioner," &c. (Laws 1937, c. 161, s. 16); and "no motor vehicle liability policy other than that defined in s. 1 shall be issued or delivered in this state by any authorized insurance company except," &c. (Ib., s. 19). A "motor vehicle liability policy" is defined in s. 1, VII, as one which provides indemnity for or protection to the insured" "against loss" "arising out of" the operation of his motor vehicle "within the limits of the United States of America or the Dominion of Canada" "as herein provided, or a binder pending the issue of such a policy, or an endorsement to an existing policy as defined in ss. 16, 17 and 19." Section 17 is to the effect that, "a motor vehicle liability policy shall be subject to the following provisions which need not be contained therein: I. . . . the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment"; III. "No statement made by the insured or on his behalf, and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy." It can readily be seen so far that no reference is made to policies issued in other states. The statute is explicit, and refers only to policies "issued or delivered in this State." No attempt is made anywhere in the act to have the statute apply to policies issued or delivered elsewhere than in this State. If such an attempt had been carried out, the constitutionality of such a law could well be questioned, but our conclusion being that the policy in issue does not come within the purview of our state law, we do not have to consider this phase of the case.

The policy in question therefore remains a Massachusetts policy, with no provision in the extra-territorial coverage clause to bring it within our statutory law. Coverage A in the policy, which is the Massachusetts compulsory insurance clause, specifically provides that it is subject to the Massachusetts state law; but Coverage B, which is the extra-territorial clause is silent as to, and makes no reference to, the laws and statutes of other states. It therefore is inoperative in this State as a policy coming within the statutory re-

quirements. It being a Massachusetts policy, it is to be interpreted according to the law of that state. *Maryland Casualty Company* v. *Martin*, 88 N. H. 346, 348.

The Massachusetts law is that Massachusetts policies do not require the extra-territorial coverage to include a clause making such coverage subject to statutory laws of other states. *Sleeper* v. *Insurance Co.*, 283 Mass. 511; *Sheldon* v. *Bennett*, 282 Mass. 240.

The extra-territorial coverage not being subject to the statutes of other states, the rights of the injured person who seeks to recover under this coverage can rise no higher than the rights of the insured. *Doolan* v. *Insurance Co.*, 85 N. H. 531, 532; *Masterson* v. *Insurance Co.*, 288 Mass. 518; *Birnbaum* v. *Pamoukis*, 301 Mass. 559.

Whatever doubts the Massachusetts court may have entertained about the application of the statutory laws of our State to an extra-territorial coverage in a Massachusetts policy, with ambiguous language attempting apparently to make it subject to our laws, as expressed in *Sheldon* v. *Bennett, supra*, has been entirely removed by the express language of our statute, which says that the "policies issued and delivered in this state" whether they incorporate a provision which brings them within the statute or not, shall nevertheless be subject to it. To repeat, no reference is made anywhere in the act to policies issued in other states.

It follows that there being no clause in the extra-territorial coverage subjecting the policy to other statutory regulations than those of Massachusetts, the policy remains a contract of insurance as entered into by the parties, and a breach of any of the conditions prerequisite to liability by reason of the coverage provisions defeats the rights of recovery thereunder not only of the insured but also of any injured party who otherwise could have looked to the insurance company for satisfaction of any judgment he may have recovered against the insured. *Glens Falls &c. Co.* v. *Keliher*, 88 N. H. 253, 258; *Birnbaum* v. *Pamoukis, supra*. Failure to give notice of the accident within a reasonable time of its happening, and to coöperate with the insurance company in the investigation of the accident and in preparation for trial as required, is a sufficient breach. *Malloy* v. *Head*, 90 N. H. 58, 60 citing among other cases *Glens Falls &c. Co.* v. *Keliher, supra; Masterson* v. *Insurance Co., supra*.

Another section of the 1937 law remains to be considered. The defendant express company argues that *s.* 15 of the act is proof of the fact that the policy comes within the statute, because it is there

provided that "all of the provisions of this act shall apply to any person who is not a resident of this state, and if such non-resident has failed to furnish security or to give proof of his financial responsibility in the future as required hereunder, then and in such event such non-resident shall not operate any motor vehicle . . . in this state." The above provision refers only to what must be done following an accident, as provided in ss. 5, 6, 7, 20. A perusal of these sections will disclose, that though it is required that one in an accident must give sufficient security to respond in damages for the injuries caused, the further requirement is that the owner of the vehicle must give and maintain proof of financial responsibility in the future (ss. 6, 15); "thereafter maintains proof of his financial responsibility" (s. 10), and "proof of financial responsibility shall mean proof of ability to respond in damages for any liability thereafter incurred" (s. 20). There is nothing in the act that requires anyone to take out indemnity insurance prior to the happening of an accident; in other words we do not have compulsory insurance in this State. One can operate a car without any kind of insurance. It is only when an accident occurs that the statute says in effect, you shall not operate any more until you have secured the claim of the injured and filed proof of financial responsibility to respond in damages for any other accident that may happen in the future.

It is conceded that if c. 54, Laws 1927 was still in force at the time of the Balcus accident the law would be as enunciated in *Sheldon* v. *Bennett* (*supra*); *Sleeper* v. *Insurance Co.*, (*supra*); *Glens Falls &c. Co.* v. *Keliher* (*supra*), and others cited *supra*. But defendants argue that the 1937 act evinces a purpose on the part of the legislature to adopt a new policy, to wit: that all foreign liability policies not issued in this State, are subject to the provisions of the act of 1937. Nothing in the act can be construed to mean anything of the kind. *S.* 17, III relied upon by the defendants does not impose upon a non-resident any other duties than upon a resident. The latter must file a certificate of coverage after an accident, and so must a non-resident. But in each case the certificate of coverage must be one which discloses conformity with our laws. The defendant company in this case cannot do this because its policy was not one that made it subject to our statutory requirements, either expressly or by implication.

The defendant company's argument that unless the policy in issue is a policy coming within the provisions of the New Hampshire law, the company cannot get a certificate of insurance and protect

itself against suspension of its rights to operate in New Hampshire, thus making *s.* 17, III meaningless, begs the question. If the defendant company cannot get a certificate of coverage it is because it does not have a policy which complies with our statutory laws, giving the injured party the unqualified right of recovery, irrespective of the violation of the clause in the policy pertaining to notice and coöperation.

Nor does the fact that the insured's truck, as stated in the policy, was garaged in New Hampshire as well as in Massachusetts alter the case. If it was intended to cover the truck as one to be operated in New Hampshire, the express company had to insure it as such and secure a policy which met the requirements of the statute, in order to get proper coverage.

We cannot be concerned at the present time with the kind of business in which the express company was engaged, whether interstate or intrastate. No agreement and no facts are before us which raise the application of our laws in one or the other event, nor is the issue raised in any of the pleadings.

As the case now stands, the answer to the first question would be no. However the issue being raised that defendant express company was engaged in interstate commerce at the time of the accident and that if this is so there is coverage, no final answer can be given without first determining this proposition.

*Case discharged.*

All concurred.