227 Miss. 386 (1956)
86 So.2d 356
SOUTHWESTERN FIRE & CASUALTY COMPANY
v.
KOVAR
No. 40031.
Supreme Court of Mississippi.
March 26, 1956.
Watkins & Eager, Jackson, for appellant.
*388 Donald W. Cumbest, Pascagoula, for appellee.
*391 GILLESPIE, J.
This appeal presents the following questions: (1) What state law governs the sufficiency of notice of accident under an automobile liability policy issued in Texas by a Texas insurance company to a Texas resident where the accident occurred in Mississippi and insured was sued in Mississippi; (2) whether under Texas law sufficient notice of accident was given by insured to insuror; and (3) whether the motor vehicle safety responsibility act relieves the insured from giving notice of the accident as required by the policy.
On March 19, 1953, appellant, Southwestern Fire and Casualty Company, a Texas Corporation, issued at Waco, Texas an automobile liability policy to Thomas A. Henderson, address, Waco, Texas. The policy contained the following provisions:
"1. Notice of Accident. When an accident occurs (Coverages A, B, & C)
written notice shall be given by or on behalf of the insured to the Company, or any of its authorized agents, as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably *392 obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the insured and of available witnesses.
"2. Notice of Claim or Suit. If claim is made or suit (Coverages A & B)
is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative.
"6. Action Against Company. No action shall lie (Coverages A & B)
against ths Company unless as a condition precedent thereto the insured shall have fully complied with all the terms of the policy.
"16. Assistance and Cooperation of the Insured. The (Coverages A, B )
insured shall cooperate with the Company and upon the Company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses in the conduct of suits."
On April 13, 1953, while Thomas A. Henderson was driving his automobile in Hinds County, Mississippi, he was involved in an accident with another automobile wherein appellee, Mrs. Margaret R. Kovar, sustained personal injuries. On the date of the accident, Henderson made a report to the Mississippi Safety Responsibility Bureau of the State Highway Patrol, whose records show that the detachable slip on the bottom of the report, known as form SR-21, and hereinafter discussed, had been detached and it was assumed by the Director of that Bureau that form SR-21 had been mailed to the Jackson, Mississippi representative of appellant on Wednesday following the accident. Appellant's witness, Wilson, testified that form SR-21 had been received by appellant, but the date of receipt and its contents are not shown of record, the record here being limited to a blank *393 SR-21 form. It is reasonably inferable from the record that the name given on this form was Thomas H. Henderson. The information requested of appellant by form SR-21 was never furnished by appellant to the Mississippi Safety Responsibility Bureau. The proof showed that appellant had written policies for several Thomas Hendersons.
On January 16, 1954, appellee's attorney wrote appellant the following letter: "I represent Billy J. Kovar, Margaret Ruth Kovar, Charles Edward Allen, Billy Gene Allen and Joyce Ann Allen in a claim for personal injuries and damage to Kovar's automobile they received in an automobile accident involving a car driven by one Thomas H. Henderson at Jackson, Mississippi, on or about June 13, 1953. I understand you are the liability carrier for Henderson. I would appreciate you having your agent contact me at his earliest convenience."
It will be noted that this letter did not give the policy number, witnesses to accident, the correct middle initial of Henderson, or other facts required under the notice provisions of the policy, and was written more than nine months after the accident. Additional correspondence was exchanged between appellee's attorney and appellant for the purpose of identifying the insured, and on March 31, 1954, appellant, having learned from appellee's attorney the identity of the insured and the policy number, wrote registered letters to Thomas A. Henderson at four different addresses. These letters advised Henderson of the information furnished appellant by appellee's attorney and that the company had received no report of accident, quoted the notice provisions of the policy, and advised Henderson that the Company was relieved from liability in connection with the accident because of Henderson's failure to give notice of the accident. Copies of these letters were mailed to appellee's attorney by appellant the same day with a letter addressed to appellee's attorney denying coverage to Henderson *394 in connection with the April 13, 1953 accident. On April 16, 1954, appellee filed suit in Jackson County, Mississippi.
On April 26, 1954, Henderson wrote appellee but did not give any facts as to how the accident took place, nor the witnesses, and on May 14, 1954, the following letter was received by appellant from Henderson mailed from Winchester, Tennessee: "I was informed by a lawyer that I should notify you that I have to be in court in Miss. the 17 May 54, concerning the accident that happened in Jackson, Miss. The lawyer said that if your company didn't fight for me that he would, if he were me, help the other people get a judgment against your company."
Final judgment by default was rendered in favor of appellee against Thomas H. Henderson by the Circuit Court of Jackson County, Mississippi, on November 18, 1954.
On suggestion of appellee, a writ of garnishment was issued against appellant as garnishee on April 14, 1955, requiring appellant to answer whether it was indebted to Thomas Henderson, the judgment debtor. The answer of the appellant, and the appellee's traverse thereof, raised the issues first above stated.
(Hn 1) We are of the opinion that the policy is to be construed as to the provisions for notice of accident according to the laws of Texas. The policy was a Texas contract, made between residents of Texas, and no place of performance is designated even though it protects the insured wherever he may be. (Hn 2) The court cannot by applying the law of Mississippi, which has a more liberal rule of construction of the notice provisions of liability policies, enlarge the appellant's obligations under the contract by applying the law of Mississippi to the terms of a contract made in Texas by Texas parties. To do so would deprive appellant of due process of law. The Supreme Court of the United States has so held in a case arising in this State. Hartford Accident & Indemnity *395 Company v. Delta & Pine Land Company, 78 L.Ed. 1178, 292 U.S. 143; Ritterbusch v. Sexmith, 16 A.L.R. 2d 873, 41 N.W.2d 611; Great Southern Life Ins. Co. v. Burwell, 12 F.2d 244 (5th Cir.); Aetna Insurance Co. v. Mount, 44 So. 162, 90 Miss. 642; Interstate Life & Accident Co. v. Pannell, 169 Miss. 50, 152 So. 635; American Fidelity & Casualty Co. v. Sterling Express Co., et al, 137 A.L.R. 651, 22 A.2d 327.
(Hn 3) The provisions of the policy with reference to notice of accident and the facts as to notice have been set out in the statement of facts. The first notice given appellant by or on behalf of Henderson was his letter of April 26, 1954, over a year after the accident, and the letter of May 14, 1954 was more of a threat to help the plaintiff than a report of the accident, for it did not pretend to give the information required by the policy. The first notice received by appellant concerning the matter was the letter from appellee's attorney dated January 16, 1954, nine months after the accident. If notice may be given by persons other than the insured or by someone in his behalf, which seems not to be the rule in Texas, the letter from the attorney on January 16, 1954, was not notice under the policy because it was not given within a reasonable time and it did not give the information reasonably obtainable and demanded by the terms of the policy. Significant is the fact that the letter did not identify the policy issued to Henderson, and gave the wrong middle initial of the insured, and it was sometime in April 1954 before appellant knew that its insured, Thomas A. Henderson, was the party involved. Suit had already been filed against Henderson and his letter indicates that he had theretofore been in contact with appellee's attorney, but had never made any effort to secure for himself the protection of the policy by reporting the accident.
We do not consider whether under Mississippi law the notice of accident received by appellant was sufficient, *396 but under the reported cases from Texas on the question, the notice was not given according to the terms of the policy, and no liability devolved upon appellant to defend the suit and pay the judgment. We do not discuss the Texas cases on the subject, for appellee does not contend in his brief that the notice was given in accordance with the Texas law. The following Texas cases are authority for our holding that the failure of Henderson to give appellant notice of the accident relieves the latter of liability: New Amsterdam Casualty Co. v. Hamblen, et al (Tex.), 190 S.W.2d 56 (Notice insufficient when given eleven months after accident); LeSage v. Utilities Ins. Co., et al, 13 F.2d 536 (5th Cir.) (Notice given one year after accident insufficient); Dunn v. Travelers Indemnity Co., et al, 123 F.2d 710 (5th Cir.) (Notice given 22 months after accident insufficient); Klein v. Century Lloyds, 275 S.W.2d 95 (Tex. 1955) (Insuror had independent knowledge of accident shortly thereafter, but notice of accident given 31 days after accident held insufficient).
(Hn 4) Applying the Texas law to the question whether the detachable form from the bottom of the report made by Henderson to the Mississippi Safety Responsibility Bureau, known as SR-21, we find that this form is not a compliance with the notice provisions of the policy. Assuming that the form was completely filled out when it was mailed to appellant, it was not sufficient notice. It is agreed that this form is in use in forty-four states. The proof showed that appellant receives this form from many states; that they are received at the rate of about 240 per month and are received in the underwriting department since it calls for information as to whether a policy exists, and the claims department never sees these forms; that appellant never answered the request, probably for the reason that the insured's correct name was not given; that the form does not provide blanks for the giving of the information called for in the policy with *397 reference to notice of accident. The purpose of this form is not to give the notice required of the insured but to secure information for the Safety Responsibility Bureau. Appellee cites no case from any jurisdiction that the mailing to the insuror of this form is sufficient notice of accident. Cf. Klein v. Century Lloyds, supra.
The applicability of the Safety Responsibility Law, either of this State or of Texas, to the question of notice of accident, is decided adversely to appellee in the case of National Surety Corporation v. Diggs (Tex.), 272 S.W.2d 604.
Reversed and judgment here for appellant.
McGehee, C.J., and Lee, Arrington and Ethridge, JJ., concur.