Herman BALDWIN and Tom Goff,
Appellants,

v.

FIDELITY PHENIX FIRE INSURANCE COMPANY OF NEW YORK, a Corporation, Appellee.

No. 13406.

United States Court of Appeals
Sixth Circuit.

Nov. 10, 1958.

Henry D. Stratton and F. Dale Burke, Pikeville, Ky., for appellants.

William J. Baird, Pikeville, Ky. (Baird & Hays, Pikeville, Ky., on the brief), for appellee.

Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.

ALLEN, Chief Judge.

This is an appeal from a judgment entered upon a verdict directed in favor of appellee in an action upon an automobile liability insurance policy.

Appellee, on October 22, 1952, had issued its automobile liability policy to John J. Cooper, a member of the United States Air Force. The policy, in addition to providing for compensation for personal injuries and property damage and contracting on the part of appellee to defend suits arising out of automobile accidents filed against the insured, required, as a prerequisite of liability, notice of any accident as soon as practicable, and required insured to forward notice of claims or suits filed against him and to cooperate fully in defense of any such claim or suit.

Separate actions previously filed in the state court by appellants, who were injured in an automobile collision with insured's car, claiming damages for personal injury and property damage, were defended neither by the insured nor by appellee. Substantial verdicts and judgments were rendered against the insured in the state court in favor of appellants, who seek in the instant action to subject the proceeds of the policy issued to insured by appellee prior to and in force at the time of the collision, to payment of part of the liability.

The policy provided that "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable." In an-

swers to interrogatories the jury found that notice of the accident was mailed, but was not received by appellee. The principal question presented is whether the judge erred in charging the jury in effect that if notice of the accident insured against was mailed to appellee but not received, the verdict should be returned in favor of appellee. It is argued that, because the policy in other clauses calls for notice by mailing and in additional clauses provides for notice but does not expressly require receipt of such notice, the United States postal service was adopted as the agent for service and all notices were effective when mailed.

There is a presumption recognized by certain authorities that mail delivered to the United States postal service is duly received. Whitmore v. Dwelling House Insurance Company, 148 Pa. 405, 23 A. 1131. However, this presumption is rebuttable. McSparran v. Southern Mutual Insurance Company, 193 Pa. 184, 44 A. 317. The evidence here showed that nonregistered letters were mailed giving notice of the time and place of the accident, addressed to the insured, to appellee, and to one Edward William Wallace, of Ventura, California, an issuing agent for appellee. Neither street address nor post office box number was shown on the copies of the letters introduced in evidence. Wallace testified in deposition that he received no notice of the accident. The finding of the jury that the notice was not received is thus sustained by the evidence.

We cannot agree with appellants' contention that the notice is effective if mailed but not received. Notice by mail may have been, and doubtless was, contemplated under the policy, although personal notice of the happening of an accident was not excluded. However, the term "written notice shall be given" carries with it the implication of receipt or delivery. As pointed out in Rapid Motor Lines, Inc., v. Cox, 134 Conn. 235, 56 A.2d 519, 521, 175 A.L.R. 296, "One meaning of the verb 'give' is * * * 'to deliver or transfer; to * * *

hand over.'" See Webster's New International Dictionary, Second Edition, definitions of the word "give." As declared in the McSparran case, supra, 193 Pa. 191, 44 A. 318, "Notice is knowledge or information legally equivalent to knowledge, brought home to the party notified in immediate connection with the subject to which the notice relates. It is not, therefore the sending, but the receipt, of a letter that will constitute notice * * *." Cf. 66 C.J.S. Notice § 18, p. 663.

The instant action was brought by judgment creditors of the assured who had secured judgments by default in the state court in actions not defended by the insurance company. The rights of the judgment creditors were no greater than the rights of the assured. Sheldon v. Bennett, 282 Mass. 240, 184 N.E. 722, 723. It was shown that the assured had neither sent appellee notice of the accident nor of any claim or suit against him, nor in any way cooperated in the defense of the state court case. Under the express terms of the policy the insured by his breach of the agreement to notify and cooperate with the insurer was barred from recovery. The attempted notices sent by appellants placed them in no better position. The notices were sent, but not "given," delivered, or received. This fact is fatal to appellants' case. McSparran v. Southern Mutual Insurance Company, supra; Sheldon v. Bennett, supra; Regan v. Atlantic Refining Company, 304 Mass. 353, 23 N.E. 2d 869.

While decisions exist to the contrary, such as Schott v. Continental Automobile Insurance Underwriters, 326 Mo. 92, 31 S.W.2d 7, and Heimbecher v. Johnson, 258 Wis. 200, 45 N.W.2d 610, 612, these cases are distinguishable on the facts. Thus, in the Heimbecher case, supra, the policy carried on its face in large letters a direction *"send all notices of accident"* to its Madison address without prescribing the manner in which they were to be sent. It was held that the existence of this direction was inconsistent with the provision of the policy that notice shall be given as soon as practicable; that the policy was ambiguous and should be construed against the insurer. No such situation exists here. The various provisions of the policy with reference to notice are not inconsistent. Also, both logic and a realistic appraisal of the situations necessitating automobile liability insurance contracts compel the conclusion that the term "written notice shall be given" under the policy provisions herein involved requires more than a mere forwarding of notice by unregistered mail. The insurer of automobile liability is entitled to actual notice in order to investigate the accident, to secure witnesses while the accident is fresh in their minds, and to make ready to defend the case. This is what the insurance company agreed to but was unable to perform, due to the lack of notice and cooperation on the part of the insured.

No objection was offered by appellants to the instructions, to the submission of the interrogatories, to the entry of judgment upon the findings, and no motion for new trial nor for judgment notwithstanding the verdict was made. It is strongly urged that, as this case was tried twice in the same court, and briefs, exceptions and objections had been filed or made in the first trial, the District Court on the second trial was well apprised of all of appellants' contentions. It is urged, therefore, that Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., does not require an express statement of objections and exceptions, for the purpose of the rule has already been fulfilled by the knowledge of appellants' contentions afforded in the first trial. The case was first tried on October 31, 1956, and November 1, 1956. The second trial took place on June 19, 1957. The court at the close of the evidence in the second trial refused certain requested instructions offered by the parties and at the close of the charge asked "No exceptions?" Appellants' counsel answered, "No exceptions." We think the decisions relied on by appellants to the effect that Rule 51 is not to be applied where the underlying pur-

pose of the rule has been preserved, such as Evansville Container Corporation v. McDonald, 6 Cir., 132 F.2d 80, and similar cases, do not govern in the instant controversy. In the Evansville case, supra, specific objection was made in the trial on a question to which technical objection or exception was omitted in the same trial. This is far different from attempting to carry over objections from a preceding trial to a second trial beginning some seven months later. To sustain appellants' contention would open the door for the elimination of Rule 51 in countless controversies.

The judgment of the District Court is affirmed.