Philip BILANCIA and Laura H. Bilancia, Appellants,

v.

GENERAL MOTORS CORPORATION, Appellee.

No. 75–2205.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1976.

Decided July 28, 1976.

Thomas P. Mains, Jr., Alexandria, Va. (Charles P. Beemus, Richmond, Va., on brief), for appellants.

James E. Farnham, Richmond, Va. (E. Milton Farley, III, Thomas G. Slater, Jr., Jack E. McClard, Hunton, Williams, Gay & Gibson, Richmond, Va., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and WYZANSKI, Senior District Judge.*

PER CURIAM:

This is a diversity action brought by a husband and wife to recover for injuries sustained by each of them in an automobile accident allegedly due to a product defect. The accident itself occurred in Virginia while the plaintiffs were driving from their home in New Jersey to Florida. It was the plaintiffs' contention that the accelerator on the car, which was purchased by them as a used car in New Jersey, jammed, causing it to sideswipe another car and careen off the road, inflicting plaintiffs' injuries. It is conceded that the car, though used, was covered by the usual General Motors warranty against defects in materials and workmanship. The action itself was brought in the Eastern District of Virginia, where the accident had occurred. This was

its second trial. An earlier trial was terminated by a mistrial, caused by a change in the theory of the case on the part of the plaintiffs. At the second trial, the cause was submitted, under instructions, to the jury, which returned a verdict in favor of the defendant. From the judgment entered on this verdict, the plaintiffs have appealed. We affirm.

The single error assigned on appeal is that the trial court's jury instructions on the plaintiffs' right of recovery under their warranty claim followed Virginia law, rather than what they argue were the applicable rules under New Jersey law. The propriety of such instruction, of course, turned on whether the law of Virginia, the place of the accident, or that of New Jersey, the place of sale, controlled. Both parties submitted memoranda at an early stage of the proceedings before the first trial and in them stated their respective positions on the issue. While initially the plaintiffs asserted that the law of New Jersey was determinative, the plaintiffs indicated at this time that "they had no objection to the application of Virginia law regarding any of the issues in this case."[1] Later, when advised that the trial court was of the opinion that a plaintiff in a products liability case in which breach of warranty was alleged must prove "not only * * * the malfunction of the vehicle" but also "specifically the cause of such malfunction," they renewed their argument that the controlling law was that of New Jersey. However, "(a)t the Pre-Trial Conference of January 21, 1975, (in preparation for the first trial in February, 1975) the Court rejected plaintiffs' contention that the law of New Jersey should control."[2]

On the eve of the second trial, another pre-trial conference was held on July 29, 1975, at which the presiding judge certified that the parties "agreed to the withdrawal from consideration of all issues in the case

---

* Senior District Judge, United States District Court for the District of Massachusetts, sitting by designation.

1. Memorandum of plaintiffs.

2. See order of Judge Warriner dated September 15, 1975.

set forth on Attachment 1 of Defendant's motion this day filed and agreed to proceed to trial solely on the issues set forth on Attachments 2 and 3." Among the issues listed on Attachment 1, as withdrawn by agreement, was: "Does the law of the place of sale or the law of the place of accident govern regarding warranty and 'strict liability in tort,' theories."

■ The cause thereafter came on for trial before Judge MacKenzie rather than Judge Warriner, who had presided at the earlier trial and at the pre-trial hearing in July, 1975. At this second trial the plaintiffs made no contention at any point that the law of New Jersey was determinative of the rights of the parties. The plaintiffs agreed in advance to the charge as given by the trial court; and, after the charge had been given, they entered no exceptions thereto. The failure of the plaintiffs to object at any time during trial or to except to the charge as required under Rule 51, Fed.R.Civ.P. waived any right on their part to complain that the action was improperly submitted as one controlled by Virginia law. Rule 51, Fed.R.Civ.P.; *Baldwin v. Fidelity Phenix Fire Insurance Co. of N. Y.* (6th Cir. 1958) 260 F.2d 951, 954.

■ Even were the issue of the controlling law applicable to this case open for review, we would have no hesitancy in finding that the law of Virginia controls. This is so, because in a diversity case we are required to follow the choice of law rule prevailing in the state of the forum. *Kline v. Wheels by Kinney, Inc.* (4th Cir. 1972) 464 F.2d 184, 185; *Lowe's North Wilkesboro Hdwre. v. Fidelity Mut. Life Ins. Co.* (4th Cir. 1963) 319 F.2d 469, 472; *Grant v.*

*Bill Walker Pontiac-GMAC, Inc.* (6th Cir. 1975) 523 F.2d 1301, 1303–4. The Virginia choice of law rule in warranty cases is declared in § 8.1–105 of the Code of Virginia, 1950.[3] While the proper construction and scope of that statute has not been authoritatively stated in any decision of the Supreme Court of Virginia, other courts, construing identical statutes, have concluded that, absent any agreement of the parties to the contrary, the law of the place of the accident has such "an appropriate relation" to the transaction as to make the law of the place of the accident the controlling law.[4] We are satisfied the courts of Virginia would reach a similar conclusion.[5]

Since we find no error in the trial court's submission of the liability of the defendant under any claim of breach of warranty as controlled by the law of Virginia both because of the failure of the plaintiffs to except properly to such submission as required under Rule 51 and because of their specific agreement to a withdrawal of any claim to the contrary at the July 29 pre-trial hearing, as well as because of what we conceive to be the law of Virginia, the judgment of the District Court is

AFFIRMED.

**3.** The pertinent part of this statute provides:
"(1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this State and also to another state or nation the parties may agree that the law either of this State or of such other state or nation shall govern their rights and duties. Failing such agreement this act applies to transactions bearing an appropriate relation to this State."

*Matthews v. Ford Motor Company* (4th Cir. 1973) 479 F.2d 399, 401–2.

**4.** *Whitaker v. Harvell-Kilgore Corporation* (5th Cir. 1969) 418 F.2d 1010, 1016, *reh. denied* 424 F.2d 549 (involving the Georgia UCC statute); *Alden Industries, Inc. v. Don Myers & Associates, Inc.* (5th Cir. 1975) 517 F.2d 188, 190.

**5.** *Cf., Kline v. Wheels by Kinney, Inc., supra,* 464 F.2d at 197.