**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES NIBLOCK,
Plaintiff-Appellant,

v.

No. 97-1229

MERCEDES BENZ CREDIT
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-96-1333-A)

Argued: October 27, 1997

Decided: January 27, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Matthew Childs Ackley, WHITESTONE, BRENT,
YOUNG & MERRIL, P.C., Fairfax, Virginia, for Appellant. Shannon
Jill Briglia, WICKWIRE GAVIN, P.C., Vienna, Virginia, for Appel-
lee. **ON BRIEF:** Robert J. Cunningham, Jr., Hunter A. Whitestone,
WHITESTONE, BRENT, YOUNG & MERRIL, P.C., Fairfax, Vir-
ginia, for Appellant. Brian P. Waagner, WICKWIRE GAVIN, P.C.,
Vienna, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The contract dispute before us arises out of the lease of two Mercedes-Benz automobiles to James Niblock ("Niblock"). Mercedes-Benz Credit Corporation ("MBCC"), the assignee of the leases, sued Niblock in Virginia state court after Niblock failed to make lease payments. The parties entered into a settlement agreement that required Niblock to surrender the two Mercedes vehicles to MBCC. In exchange, MBCC agreed to nonsuit the state action and to report Niblock's accounts as current to any credit bureaus listing the accounts.

Niblock later sued MBCC in Virginia state court, claiming that MBCC had breached the settlement agreement by failing to correct earlier adverse credit reports. MBCC removed the action to the United States District Court for the Eastern District of Virginia and filed a counterclaim against Niblock, seeking a deficiency judgment in the amount still owing on Niblock's accounts with MBCC. The district court entered summary judgment in favor of MBCC on all claims. We affirm.

MBCC is a Delaware corporation with its principal place of business in Norwalk, Connecticut. Niblock is a citizen of Virginia. The amount in controversy exceeds the sum of $75,000. MBCC timely filed a notice of removal pursuant to 28 U.S.C.§§ 1441 and 1446(b). Jurisdiction in the district court was therefore proper pursuant to 28 U.S.C. § 1332. We have jurisdiction of the appeal under 28 U.S.C. § 1291.

Niblock's contract claim against MBCC presents two issues for our decision: (1) whether Niblock's failure to return the vehicles by the time and date specified in the settlement agreement constitutes a material breach that bars Niblock from suing on the contract, and (2)

2

whether MBCC waived Niblock's breach. Finally, we must determine whether any genuine issue of material fact exists regarding Niblock's liability to MBCC for the deficiencies remaining on the leases.

We review the district court's grant of summary judgment de novo. Summary judgment is proper only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). We view all facts and inferences in the light most favorable to Niblock, the non-moving party. Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995).

I.

In August 1992, Lenders Financial Corporation ("Lenders") executed a lease of a Mercedes-Benz 500SL (the "500SL lease") which Niblock, the president of Lenders, signed as a guarantor. The lease agreement provided that Lenders and Niblock were jointly and severally liable for payments due under the 500SL lease. Approximately two years later, Niblock individually executed a lease of a Mercedes-Benz S420V. Both leases were subsequently assigned to MBCC.

The present dispute arose when MBCC failed to provide Niblock with certain documents required to obtain license plate registration stickers from the Virginia Department of Motor Vehicles. Niblock advised MBCC on three separate occasions that the annual registration period was approaching, and threatened to withhold rental payments until he received the needed documents. When MBCC failed to respond to Niblock's repeated requests, Niblock withheld payment on the vehicle leases. As a consequence, Niblock defaulted on both leases.

On November 17, 1995, MBCC sued Niblock in the Circuit Court for Fairfax County, Virginia, seeking possession of the vehicles or payment of the amounts owed under the leases. After several months of negotiations, Niblock and MBCC executed a written settlement agreement on January 31, 1996.

3

The settlement agreement required Niblock to return both vehicles to an independent dealership in Vienna, Virginia by the close of business on February 2, 1996. In exchange, MBCC agreed to nonsuit the state action and to report promptly to credit bureaus that Niblock's accounts were current and had zero balances. The settlement agreement did not limit MBCC's right to recover from Niblock the amounts payable under the two leases.

Niblock failed to return either vehicle by the date specified in the settlement agreement. On February 5, MBCC repossessed the 500SL at Niblock's Virginia home. In a letter of February 6, counsel for MBCC set a new deadline of February 7 for the return of the S420V at the Virginia dealership.

Niblock delivered the S420V to a Mercedes dealership in Pompano, Florida, on February 12, 1996, five days after the second delivery date. By letter of February 13, 1996, MBCC counsel informed Niblock's attorney that the vehicle had been received and that MBCC would dismiss the state court suit.

Once MBCC acquired possession of the vehicles, it took prompt steps to sell them. Following MBCC's sale of the automobiles, a deficiency of $62,125.59 remained on the two leases.

On August 29, 1996, Niblock sued MBCC in the Circuit Court for Fairfax County, Virginia, alleging that MBCC had failed to correct prior adverse credit reports to credit bureaus and thus violated the terms of the January 31 settlement agreement. Based on diversity of citizenship, MBCC removed the action to the United States District Court for the Eastern District of Virginia, and filed a counterclaim seeking a deficiency judgment against Niblock in the amount still owing on his lease accounts with MBCC.

On January 3, 1997, the district court granted MBCC's motion for summary judgment on all counts, ordered Niblock to pay the deficiency to MBCC, and dismissed Niblock's claims. Niblock appeals from that order.

4

II.

Virginia contract law provides that "[t]he party who commits the first breach of a contract is not entitled to enforce it, or to maintain an action thereon, against the other party for his subsequent failure to perform."* Spotsylvania Sch. Bd. v. Seaboard Surety Co., 415 S.E.2d 120, 127 (Va. 1992) (quoting Hurley v. Bennet , 176 S.E. 171, 175 (Va. 1934)). Only a material breach, however, precludes an action on the contract by the breaching party. If the breach does not go to the "root of the contract," then the "first breach" rule is inapplicable and the breaching party may sue. Neely v. White, 14 S.E.2d 337, 340 (Va. 1941); see Horton v. Horton, 487 S.E.2d 200, 203 (Va. 1997) (explaining that "[a]n exception to the [first breach] rule arises when the breach did not go to the root of the contract but only to a minor part of the consideration"). A "material breach is a failure to do some-thing that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." Horton, 487 S.E.2d at 204 (citations omitted).

Niblock's failure to deliver the vehicles in accordance with the terms of the settlement agreement clearly constitutes a material breach. Niblock had only one obligation under the settlement agree-ment: to deliver the two Mercedes to a designated dealership at a specified time. Neither vehicle was delivered at the designated time. Even if the late delivery was not a material breach because the con-tract did not specify that time was of the essence, Niblock also failed to deliver the S420V at the designated location. In flagrant disregard of the provision identifying a Virginia dealership as the location for delivery, Niblock elected to remain at a vacation home in Florida and

_____

*A federal court exercising diversity jurisdiction must apply the law of the state in which it sits, see Erie v. Tompkins, 304 U.S. 64, 78-79 (1938), including that state's choice of law rules, see Klaxon Co. v. Sten-tor Elec. Mfg., 313 U.S. 487, 496 (1941). The district court resolved the dispute pursuant to Virginia contract principles. Although it is not entirely clear from the record on what basis the district court applied Vir-ginia contract law, neither party has contested the district court's choice of law. We therefore assume for purposes of appeal that Virginia contract rules govern the present dispute. See Bilancia v. General Motors Corp., 538 F.2d 621, 623 (4th Cir. 1976) (per curiam).

surrender the S420V, five days past the second deadline, at a dealership more than 1,000 miles from the agreed location.

The record is devoid of any evidence that Niblock made even the slightest attempt to comply with his obligations under the settlement agreement. Because Niblock breached the contract, and the breach was material, we hold that he is precluded under Virginia law from suing on the contract unless, as he contends, MBCC waived the breach.

To establish waiver, Niblock relies solely on MBCC counsel's letter of February 6, 1996, in which counsel wrote:

> [MBCC] remains committed to the settlement agreed to by the parties . . . . Please direct Mr. Niblock to surrender the 1994 S420V identified in that letter agreement to H.B.L., Inc., [the independent dealership,] tomorrow. Failure to surrender the vehicle by tomorrow may result in the withdrawal from that agreement by my client.

"Waiver is the voluntary intentional abandonment of a known legal right, advantage or privilege. `Both knowledge of the facts basic to the exercise of the right and the intent to relinquish that right are essential elements." Fox v. Deese, 362 S.E.2d 699, 707 (Va. 1987) (quoting Employers Ins. Co. v. Great American , 200 S.E.2d 699, 707 (Va. 1973)). MBCC's letter does not demonstrate an intent to relinquish rights flowing from Niblock's breach of the settlement agreement; to the contrary, counsel for MBCC expressly reserved the right to withdraw from the agreement if Niblock failed to comply with his contractual obligations. The letter merely indicates that MBCC was willing to perform if Niblock delivered the S420V at the specified time and place. There is no indication that MBCC intended to surrender a right to pursue a damage remedy for breach, or that MBCC would forego its right to rescind the contract in the event Niblock failed to deliver the S420V as agreed.

Furthermore, it is uncontroverted that Niblock in fact missed the second return date and eventually surrendered the S420V far from the agreed location. Therefore, even assuming that MBCC's letter constituted a waiver of rights flowing from the failure to deliver the two

6

cars by the first deadline, Niblock's noncompliance with the modified terms of the contract constituted a second, independent breach that was not waived by MBCC.

Because Niblock's failure to comply with the delivery terms of the settlement agreement constituted a material breach that was not waived by MBCC, we hold that Niblock is precluded from suing MBCC for an alleged breach of the same agreement.

III.

We have considered Niblock's defenses to liability for the deficiencies remaining on the two vehicle leases and conclude that they are without merit.

It is undisputed that Niblock defaulted on the lease agreements by withholding periodic lease payments. Niblock claims, however, that MBCC first breached the automobile leases by failing to provide Niblock with the documents needed to renew the vehicles' registrations. Niblock identifies no language in either lease that requires MBCC to provide such documents. Niblock argues, instead, that MBCC's failure to provide the documents prevented him from maintaining accurate certificates of title on the vehicles as required by the contracts. As a result, he concludes, MBCC breached an implied duty not to impede Niblock's performance of his contractual obligations.

Niblock conveniently disregards the terms of the lease agreements, which expressly prohibited Niblock from withholding lease payments "for any reason whatever." Moreover, Niblock began to withhold payments before the expiration of the vehicles' registrations. Niblock withheld the rent payment for the S420V due August 29, 1995; according to Niblock's own affidavit, however, the S420V was unlicensed only after August 31, 1995. Similarly, Niblock withheld payment on the 500SL lease before the license plates on that vehicle expired. Therefore, we hold that the district court properly rejected Niblock's contention that MBCC was barred from recovery by the alleged failure timely to deliver the documents required for registration.

7

Finally, Niblock has claimed that a genuine issue of fact exists as to whether Niblock was induced to enter the S420V lease by fraudulent representations that the vehicle was new. Niblock argues that the car was not new, but had been leased previously and repaired following an accident.

The district court properly found that Niblock's affidavit contains no competent, admissible evidence to support his claim. The affidavit describes a discussion with a serviceperson in which Niblock was advised that the S420V was not new when leased and that it had, in fact, been damaged in an accident. The statements of the serviceperson are inadmissible hearsay. Fed. R. Evid. 801, 802. Niblock's description of service records for the vehicle is inadmissible pursuant to the best evidence rule. Fed. R. Evid. 1002. We conclude that no genuine issue of material fact exists with respect to Niblock's liability to MBCC for the deficiencies remaining on the vehicle leases.

CONCLUSION

Accordingly, the entry of summary judgment in favor of MBCC on all claims is hereby

AFFIRMED.

8