YORK *et al. v.* YORK *et al.*

(Division B. Jan. 22, 1940.)

[193 So. 330. No. 33991.]

Jamie L. Whitten, of Charleston, for appellant.

468

Julian C. Wilson and Lake Hays, both of Memphis, Tenn., for appellees.

Argued orally by **Jamie L. Whitten**, for appellant, and by **Julian C. Wilson**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Frank S. York and Mrs. Ethel York Davis, executors of the estate of Sylvester York, deceased, filed a bill against Chas. V. York individually, Walter York as executor of the estate of Slyvester York, deceased, and

Frank S. York and Walter York as executors of the estate of Mrs. Mary S. York, deceased, Mrs. Nellie York, Cordra York, Mrs. Seta Butler York and Vernon York, seeking to subject, by attachment in chancery, funds and property in the hands of the executors of Mrs. Mary S. York, deceased, and Sylvester York, deceased, and to set aside certain conveyances of lands, and to subject lands belonging to some of the defendants to the alleged demands by the executors.

The bill proceeds upon the idea that the defendant, Chas. V. York, was indebted to the estate of Sylvester York. Chas. V. York was a non-resident of the state of Mississippi, residing in Memphis, Tennessee—the others being also residents of Tennessee. Suit was filed in the Chancery Court of the first district of Tallahatchie county, Mississippi; the lands sought to be subjected to the alleged debt were situated in Yalobusha county, Mississippi.

The wills of Sylvester York and of Mrs. Mary S. York were made exhibits to the bill; and the defendants filed a motion to dismiss the cause for want of jurisdiction, and also demurrers to the bill for want of jurisdiction and for various other defects.

The principal controversy here turns upon the question of whether Chas. V. York was indebted to the estate of Sylvester York, deceased. Many other questions are presented in the record, but we think the one stated will control the decision of the case, and that it will not be necessary to decide the other questions presented.

It appears from the exhibits to the bill that on the second day of September, 1923, Sylvester York executed a will in which the following provision appears: "Second. It is my will and wish and I hereby devise and bequeath all of my property, real, personal and mixed wherever situated or located, after the payment of debts and expenses as provided in first paragraph, share and share alike to my beloved wife, Mary Combs York, sons Walter L. York, Charles V. York and Frank S.

York and my daughters, Mrs. Ethel York Bell and Ruby York Stevens, with the condition that any amount advanced or loaned to either or any of my said children and unpaid at the time of my death shall be charged to and deducted from the share or part of my estate herein devised and bequeathed to said child. In other words my estate is to be divided into six equal parts and distributed to my wife and five children, except where either or any of my said children are due or owing me anything at my death said amount so owing shall be deducted from the share of my estate going to my wife and the children who have not borrowed and do not owe me anything. The amount owing to me by any child shall bear interest at the rate of four per cent per annum and credited with any interest paid on said obligation.''

The will provided for the executors and gave them power to sell and dispose of the property, etc., which is not material here.

On the 15th day of February, 1934, Sylvester York executed a codicil to his will, the first provision of which seems to refer to a will executed on the 15th of February, 1934. Apparently there is an error in the date, as the codicil bears the same date. In the codicil it recited:

''Item One; Whereas, I have from time to time made certain gifts to each of my children, in the aggregate sum of $6,000.00 (six thousand) to each; and whereas, I have from time to time made certain advancements to certain of my said children, and in order that there may be no disputes among them at my death as to the amount which I have advanced either of them, I have concluded to execute this codicil, stipulating the exact amount which I have advanced each of my children to the date of this codicil.

''Item Two: I do hereby set opposite the name of each of my children in figures the amount which I have advanced that child to the date hereof;

Walter L. York ..................... $3,500.00
Charles York ...................... 4,765.00
Ethel York Bell,
    Cash .................... $
    Cash value real estate advanced $
    Total advancement to Ethel York Bell .... 740.00
Ruby York Lenow
    Cash .................... $
    Cash value real estate advanced $
    Total advancement to Ruby York Lenow .. 1,740.00
Frank S. York ...................... 1.00

"And I direct that the amount so advanced to each of my said children shall be deducted from his or her share in my estate at my death.

"Item Three; I bequeath unto my beloved wife, Mary York, $6,000.00 (six thousand) to be paid out of my estate at my death, before there is any division made. My reason for making this request is that my said wife shall receive an amount equal to the gift which I have made each of my said children.

"Item Four. I do hereby ratify and confirm my said will executed the 2nd day of September, and codicil thereto executed the —— day of ——— in every other respect."

This codicil was witnessed by Mrs. O. M. Laughlin and Mrs. Erna Holland. It was also signed by Walter L. York, Chas. V. York, Mary S. York and F. S. York.

On the 22nd day of August, 1934, another will was executed, duly witnessed, in which, after directing payment of his debts, and declaring the instrument to be his last will and revoking all other wills, it provided:

"Second, I bequeath unto my sons, Charles V. York and Walter L. York, the sum of Fifty ($50.00) Dollars each; said sons having already received from me as their part of my estate large sums and assistance, such

being greater than the rest of my children will receive under this will.

"Third. I give, bequeath and devise unto my wife, Mary Combs York, my daughters, Ethel York Bell and Ruby York Lenow, and my son Frank S. York, the residue of my estate, share and share alike, and of what ever kind and nature and whatever situated. Except that my wife is to have Six Thousand ($6,000.00) Dollars before any of my children receive their part or division.

"Fourth. I hereby appoint, name and nominate Frank S. York, Ethel York Bell, and Walter L. York, Executors of this my last will and testament, and hereby waive and relieve them from making bond as such executors and from accounting to any courts as such executors or otherwise; and further direct them to collect from my said son, Charles V. York, the indebtedness due him to me in the amount of Forty-seven Hundred Sixty-five ($4765.00) Dollars, this indebtedness representing money loaned to him by me and which he has never repaid, and on which he is to pay interest at the rate of 4% per annum. I further empower and direct my executors, if they see fit and proper, to lease, mortgage, sell, convey and dispose of any part of my lands, or all of same, for cash or on terms, and authorize the re-investment of the proceeds of such sale," etc.

The bill recited, in reference to the alleged debt of Charles V. York to Sylvester York, deceased:

"Complainants would show that on the 22nd day of August, 1934, Sylvester York executed his last will and testament, which will was probated in Cause No. 4133 aforesaid, said will reciting that Charles V. York was indebted to S. York and to his estate in the sum of $4,765.00, and directed his (S. York's) executors to take legal action to collect said indebtedness from said Charles V. York at his, Sylvester York's death, a copy of said will being attached hereto as exhibit 'A' as aforesaid. Complainants would further show that by decree

of this court complainants together with Walter York as executors of the estate of S. York were directed to institute legal action against Charles V. York for the collection of said indebtedness due the estate of their father, S. York, deceased, as aforesaid, said decree being rendered on October 28th, 1938 and being recorded in the minutes of the Chancery Court of the first district of Tallahatchie County, Mississippi in Book 9 at page 199.''

They further show that their mother, Mrs. Mary S. York, was one of the devisees under the terms of the will of Sylvester York, who died October 13th, 1937; and that under the terms of the will of the said Mrs. Mary S. York, Chas. V. York inherited one-fifth of said estate, valued at approximately $7,500, the assets of the estate having been largely converted into cash and bonds; so approximately $1,500 is in the hands of the executors, Frank S. and Walter L. York, the property of Chas. V. York, as his distributive share of the estate. The complainants would show that it would be the duty of the complainants, Frank S. and Walter L. York, to pay over to Chas. V. York the sum of money; and it is stated that all the defendants, excepting the executors of the estate of Mrs. Mary S. York, deceased, are non-residents of the state of Mississippi, and not subject to the process of the state courts. It is averred that at all times Chas. V. York has refused to make any payment of the indebtedness alleged to be due the estate of Sylvester York, deceased, although requested to do so; and complainants aver that such sums of money and property due him from the estate of Mrs. Mary S. York should be applied to said indebtedness, and that unless this is done Chas. V. York will take said money and property outside the state of Mississippi, so as not to be subject to the order of the courts of Mississippi, and so defeat any action on the part of the estate of Sylvester York to collect the indebtedness.

It was further alleged that on the 2nd day of November, 1935, Chas. V. York was advised of the contents of the will of Sylvester York, directing the executors to take legal action to collect such indebtedness from the said Chas. V. York, who owned certain lands in Yalobusha county, described therein.

The chancellor sustained the demurrers and motion to dismiss for want of jurisdiction, and from that decree dismissing the bill this appeal is prosecuted.

In order to sustain an attachment in chancery there must be a debt owing from the non-resident, and there must be effects in the hands of the resident defendants, or lands must be attached in the manner provided by the statute to give the court jurisdiction. Code 1930, Sec. 173 et seq. If Chas. V. York does not owe the estate of Sylvester York any money the jurisdiction to attach, of course, does not exist.

Turning to the codicil above quoted, which was executed on February 15, 1934, it will be seen that the codicil converted the pre-existing debts into advancements, the language of the codicil being plain that they were advancements; and that the amounts so advanced should be deducted from the amount of the estate which Chas. V. York would receive from his father's estate. There is, of course, a marked difference between an advancement and an indebtedness. It appears to have been the purpose of the original will to treat the money advanced as an advancement, and to deduct it from the estate at the death of the testator. In the codicil of February 15, 1934, the testator decided to have the amounts to be treated as advancements made definite, and so recited in his will evidenced by the codicil.

The codicil is something more than a part of the will. It was signed by those who would be beneficiaries under the will, or a part of them, including Chas. V. York, which evidence to the amounts was recognized as being proper advancements to be deducted from whatever share Chas. V. York and the others named in the codicil would

receive at the death of the testator. The previously existing debt, if it was a debt, was transformed into an advancement; and it was perfectly competent for that to be done; and the meaning of the codicil is too plain to be disputed that it was specifically an advancement of a certain specified amount.

Having converted the previously existing debt, if it was then in fact a debt, into an advancement, the terms of which were accepted by Chas. V. York as the amount to be so deducted, there was thereafter no debt, unless a new debt was created by some instrument of writing, which the record fails to show.

In other words, the bill proceeds upon the idea that the sums advanced were still debts, and it is true that Sylvester York, in the will dated August 22, 1934, recited that there was a debt, and directed his executors to collect it; but the mere declaration of the testator cannot change the essential character of the transaction. He cannot, after converting a debt into an advancement, re-create the debt by his simple declaration. There was at the time of making the will on August 22, 1934, no debt due by Chas. V. York to Sylvester York, to be collected by the executor. The subsequent will could not, without the consent of Chas. V. York, re-convert it into a debt.

This being true, there was no jurisdictional foundation for the attachment in chancery, and the court below was correct in dismissing the bill for want of jurisdiction.

The other questions are not free from difficulties; but they cannot be decided, because, since there was no debt the court was without jurisdiction to issue the attachment, regardless of the other question, as to whether or not the lands in Yalobusha county could be attached in the Chancery Court of Tallahatchie county.

The judgment of the court below is affirmed.

Affirmed.