UNIVERSAL CREDIT CO. *v.* LINN MOTOR CO.

ON THE MOTION.

(In Banc.   Sept. 27, 1943.)

[15 So. (2d) 44.   No. 35455.]

(In Banc.   Nov. 22, 1943.)

[15 So. (2d) 694.   No. 35455.]

566

**Wm. Harold Cox,** for appellant, on the motion.

**Wm. Harold Cox,** of Jackson, for appellant.

Rush H. Knox and Creekmore & Creekmore, all of Jackson, for appellee.

570

Wm. **Harold Cox**, of Jackson, for appellant, in reply.

572

**McGehee, J.,** delivered the opinion of the court on the motion.

The appellant has filed a motion to be allowed to give the required bond and receive from the sheriff of Chickasaw County the property involved in this suit, the same having been seized under a writ of sequestration in an attachment in chancery and neither of the parties having heretofore given bond therefor. Section 414, Code of 1930, dealing with the right of litigants to enter into bond to receive property seized under a writ of sequestration provides, among other things, that: "If the defendant do not give bond to retain the property within five days from its seizure, and the complainant do not do so within five days after defendant's failure, either party may, before sale of the property, give the required bond and receive the property, or after sale may give such bond and receive the proceeds." There was a decree rendered in favor of the complainant, the Linn Motor Company, whereby the automobile in controversy, which is now in the hands of the sheriff of the county but stored with said motor company, appellee herein, was ordered to be sold for the payment of its mechanic's lien thereon; and before such sale could be made there was an appeal with supersedeas taken by the Universal Credit Company to this court, which is now pending. It appears from the

showing made on this motion of the appellant to be allowed to give bond and receive the property that the appellant has offered to give the necessary security but that the sheriff has ignored all inquiries as to whether he would permit the bond to be given and as to the amount of bond that he would require in that behalf; that the amount of bond offered to be made was the sum of $750 for the release of the automobile, which was seized under the writ of sequestration on a bond of the complainant in the sum of $500 given pursuant to Section 410, Code of 1930, requiring that: ''Before the writ of sequestration shall issue in any case, the complainant shall enter into bond with sufficient sureties, payable to the defendant, in double the value of the property proposed to be seized, to be fixed by the clerk from affidavit, or such evidence as may satisfy him . . ...'' It also appears from the answer to said motion, submitted by the counsel of record for the appellee Linn Motor Company, that the said officer is now willing to surrender said automobile to the appellant upon the execution of a bond in an amount sufficient to protect the rights of all of the parties, including any expenses and storage charges which may be properly and legally chargeable against said property, and the said officer submits that a bond in the sum of $1,000 would be sufficient for said purpose.

The motion is therefore sustained, and the appellant is held to be entitled to execute a good and sufficient bond in the said sum of $1,000 conditioned according to law for the protection of the rights of the appellee, and which said bond is also to serve as security for the payment of any storage charges and other expenses which may be finally held to be proper charges against said automobile, in the event that the said property should not be forthcoming to abide any final decree herein, or should in the meantime become so depreciated in value as not to bring a sufficient price for said purpose if and when sold or held to be subject to sale, to satisfy the lien claimed by the said Linn Motor Company under the final order of the

court following the hearing of the appeal herein. Upon the execution of such bond, the appellant shall be entitled to receive the said automobile from the sheriff pending the final determination of this cause.

Motion sustained.

**McGehee, J.,** delivered the opinion of the court on the merits.

The appellee instituted this suit in the chancery court of Chickasaw County to enforce a mechanic's lien for labor done and materials furnished in connection with the repair of a wrecked automobile belonging to George Allen, a nonresident, and the bill of complaint also alleges that the Universal Credit Company of Detroit, Michigan, "is claiming some interest in said automobile but that the complainant is not advised as to whether or not its claim is just, reasonable or due." The proceeding seems to have been brought as an attachment in chancery under Section 173, Code of 1930, although it is not alleged that any local defendant has in his hands any of the effects of, or is indebted to, the said nonresident defendant George Allen, nor is it alleged that the said automobile is in the possession of any person in particular in this state other than that "the said car is now stored in Houston, Mississippi."

A writ of sequestration was issued for the automobile as provided for under Section 176, Code of 1930, pertaining to attachments against nonresidents, which said writ may be issued in such cases "as in others." Although a sequestration bond was duly furnished by the complainant prior to the issuance of the writ, it appears that no affidavit was filed showing that the complainant had good reason to believe, and did believe, that there was danger of the removal of the property involved in the suit beyond the limits of the state or of its concealment in the state so as to be beyond the process of the court, or of its transfer so as to defeat the rights of the complainant, and that

such removal, concealment or transfer was about to occur, as is required by Section 409, Code of 1930, as a condition precedent to the issuance of any writ of sequestration.

The prayer of the bill of complaint asked that the defendant George Allen "and any and all other persons, if there be any, who claim an interest in or lien on said automobile, be made parties to this suit and that they, like the defendant. herein, be served with a summons either in person or by publication as required by law." And notwithstanding that it is previously alleged in the bill of complaint that the appellant Universal Credit Company "is claiming some interest in said automobile" it is now contended on this appeal that the said Universal Credit Company was not a party to the suit in the court below and that, therefore, this appeal should be dismissed, or that the decree of the court below in ordering a sale of the automobile for the satisfaction of the mechanic's lien held by the appellee should be affirmed.

On the question of whether the appellant is a party to the suit, it should be further stated that upon the filing of the bill of complaint a summons was caused to be issued by the clerk to the sheriff of the county commanding him "to summon George Allen and Universal Credit Company, Detroit, Michigan, if to be found in your county, to be and appear," etc.; that the sheriff made a return upon the process by stating that a "copy of this summons mailed to each of defendants by registered mail;" that publication was made in the newspaper addressed to the nonresident defendant George Allen, but the record contains no proof of publication of process as to the appellant Universal Credit Company; that there was a decree pro confesso taken under the caption of "Linn Motor Company, Complainant, v. George Allen and The Universal Credit Company," wherein it was recited that it appeared to the court "that due and legal publication of process had been made and completed for the said defendants" and that they "having failed to appear and to answer, plead or demur to the bill of com-

plaint exhibited against them'' the motion for a decree pro confesso ''should be and the same is hereby sustained;'' that the final decree ordering the sale of the automobile for the payment of the indebtedness due under the mechanic's lien, recites that it appears to the court that ''the said defendants have been duly served with the process of this court as required by law,'' refers to the taking of the decree pro confesso against the defendants at a former day of the term, and then declares that ''said cause now being before the court upon its merits'' it is ordered ''that the said automobile . . . described as (describing it) now in the hands of the sheriff of said county be sold in the mode prescribed by law,'' etc.; and out of the proceeds of said sale it was ordered that the claim of the Linn Motor Company be paid and that ''any sums remaining thereafter shall be paid over to the defendants or the one proving his title thereto.'' Moreover, after the appeal to this court was granted with supersedeas in favor of the Universal Credit Company by the Chief Justice of this court on June 3, 1943, there was a motion filed herein asking that the said appellant be allowed to give bond as provided for under Section 414, Code of 1930, and receive the said automobile from the sheriff, and which motion was sustained, when it appeared from the answer to said motion, submitted by counsel of record for the appellee Linn Motor Company, that the said officer was willing to surrender said automobile under the conditions stated in the opinion of this court rendered on the said motion, as appears from the report thereof in this cause found in 15 So. (2d) 44. It can not, therefore, be successfully contended that the appellant Universal Credit Company was not a party to the suit in the court below.

Section 2263, Code of 1930, relating to the enforcement of statutory liens, including mechanic's liens and many others, provides that ''all persons having an interest in the controversy, and all persons claiming liens on the same property, by virtue of this chapter, shall be made

parties to the suit; and should any necessary or proper party be omitted, he may be brought in by amendment, on his own application or that of any other party interested; and claims of several parties having liens on the same property may be joined in the same action.'' Whether or not this section must be complied with where one of such liens is sought to be enforced under an attachment in chancery, it is unnecessary that we here decide, for the reason that the appellant Universal Credit Company, which claims to hold a purchase money lien on the automobile, was in fact made a party to the suit as claiming an interest in the property involved, and in any event the attachment proceeding can not be sustained where the nonresident debtor George Allen has no lands in this state and no effects in the hands of some resident third person, and where no resident third person is alleged to be indebted to him, although he may have personalty in this state. Advance Lumber Co. v. Laurel Nat. Bank, 86 Miss. 419, 38 So. 313. However, the personal property of a nonresident under such circumstances can be seized under an attachment in chancery, to await final decree, upon the affidavit and bond required by Sections 408 and 409, Code of 1930, but which affidavit was not filed in connection with the sequestration bond given in the present case.

But, if we understand the record correctly when we assume that the automobile in question was in storage and being held at the place of business of the complainant when the suit was filed, it would be difficult to conceive how the complainant could have good cause to believe that there was danger of the removal of the property beyond the limits of the state or of its concealment in the state so as to be beyond the process of the court, or of its transfer so as to defeat the rights of the complainant, and that such removal, concealment or transfer was about to occur, since the possession by the complainant of the automobile when it was being held awaiting the payment of the repair charges would ordinarily be notice to a would-

be purchaser or transferee as to the rights of the complainant therein. But, be that as it may, such affidavit was not made, and the appellant should not have been denied the right when it appeared in court two days after the decree pro confesso and final decree were rendered, to make defense on the merits, either on the alleged ground that it was not a party to the suit or that it had actual notice thereof prior to the rendition of such decrees, since Section 470, Code of 1930, provides that decrees against nonresident, absent or unknown defendants, rendered upon proof of publication only, without such defendant having appeared, shall not be final and conclusive from the date of rendition, if a rehearing is applied for within two years thereafter, and except under the other conditions therein stated. Again the complainant was not entitled to have the property sold to satisfy its demand without having given security for abiding such further orders as may have been made, for restoring the property to the absent defendant on his appearing and answering the bill within two years. In other words, if this proceeding be dealt with as an attachment in chancery, then Section 178, Code of 1930, was not complied with in the particular last above mentioned.

From what we have said it follows that the seizure of the automobile under the writ of sequestration herein was void, that the court below was without jurisdiction to order a sale of said property in this proceeding, and that the cause must be reversed and the bill of complaint dismissed, without prejudice to the rights of the parties to take such steps as they may deem appropriate for the protection of their respective rights or liens against the automobile in controversy, not inconsistent with the principles announced herein.

Reversed and bill of complaint dismissed.