241 Miss. 381 (1961)
128 So.2d 562
COAHOMA COUNTY BANK & TRUST COMPANY
v.
FEINBURG et al.
No. 41803.
Supreme Court of Mississippi.
April 10, 1961.
Leon L. Porter, Jr., Clarksdale, for appellants.
*383 Brewer, Brewer & Luckett, Clarksdale, for appellee.
*384 RODGERS, J.
Ira S. Feinberg borrowed the purchase price of an automobile from the Coahoma County Bank & Trust Co., Inc., and gave his promissory note and a deed of trust upon the automobile to A. David Califf, Trustee for the Bank. He also furnished the Bank a contract of insurance on the automobile, in which the Bank was named mortgagee. The policy, among other things, insured Ira S. Feinberg against loss by theft.
The defendant Feinberg moved from Mississippi and became a resident of New York. His note to the Bank became due and payable, he became delinquent, and the Bank turned his note over to an attorney for collection; however, before the proceedings for collection began, the attorney for the Bank learned that the automobile was stolen from defendant Feinberg. It is alleged that *385 this loss was reported by Feinberg to the defendant, The Lumber Mutual Fire Insurance Co. of Boston, Mass. It is also alleged that the insurance company was holding (at the time the suit was filed) the money due to Feinberg and the complainant-mortgagee, Coahoma County Bank & Trust Co., Inc., for the loss of said automobile by virtue of the loss payable clause in the contract of insurance. A writ of attachment was issued to the nonresident defendant Feinberg, and certain lands in Coahoma County, Mississippi, were attached as being the property of defendant Feinberg. A garnishment was served on the defendant, The Lumber Mutual Fire Insurance Co., and also served upon Stanley M. Cohen, agent for the defendant insurance company.
The defendant insurance company answered and suggested that the court had no jurisdiction of the parties and moved the court to dismiss the bill of complaint on the ground that it was a nonresident of the State of Mississippi, and "not a person", and its status as an insurance company does not come within the Mississippi statutes on attachment in chancery. The motion to quash process was overruled and the defendant insurance company answered, denying that the company knew anything about the loss of the automobile by theft, although such information had been reported to it and alleged "but no proof of loss has been filed with regard thereto".
After testimony and arguments of attorneys in this case, the chancery judge entered an order dismissing the bill of complaint chiefly on the ground that no "sworn proof of loss" was given to the defendant insurance company, and that such proof of loss is a condition precedent to recovery under the conditions set out in the policy of insurance on which the suit is brought.
The appellant appeals to this Court and sets up five grounds of error, which may be grouped into three categories: (1) The appellant claims that the defendants' answer to complainants' bill was insufficient and was *386 an admission of the allegations therein pleaded; (2) that the court below was in error in holding that there was no proof of loss; and (3) that the lower court erred in ruling that a proof of loss was necessary in this case since the defendant insurance company denied any loss, that is to say, denied that the car was stolen.
(Hn 1) We have read the cases cited by appellant and the sections mentioned in Griffith's Miss. Chancery Practice, and we are of the opinion that the answer in this case is sufficient. The original bill in this case does not charge that the insured furnished the insurance company a "proof of loss", but charges that the loss was reported. On the other hand, the answer denies specifically that a "proof of loss has been filed with regard thereto". It will be remembered that the defendant in this case was summoned on a writ of garnishment under our statute, and was required to make specific answers. And although defendant insurance company was required to answer the entire bill, we are of the opinion that its answer is sufficient to put in issue (1) whether there was a loss under the policy, that is to say, whether the automobile was stolen; and (2) whether or not the insurer or mortgagee under the mortgage clause gave the necessary notice or proof of loss.
The complainant offered the testimony of defendant's local agent that he was told by the insured Mr. Feinberg that the automobile had been stolen from him in Sunnyside, New Jersey. Complainant offered two letters in evidence. One of these letters was from an attorney who was not interested in the case at bar. This letter informed the defendant that this attorney had been told by Mr. Feinberg that the automobile (insured by the policy) had been stolen from him. The other letter was from an adjustment service in Newark, N.J., addressed to the appellant Bank, in which the adjuster stated his agency represented the defendant Lumber Mutual Insurance Co., *387 and stated the agency "had been asked to service what was reported as a total theft loss of this vehicle."
The policy in this case has written therein the following conditions:
"Any loss under Part III is payable as interest may appear to the named insured and the Coahoma County Bank & Trust Company, Clarksdale, Mississippi."
"Coverage H - Theft: To pay for loss to the owned automobile or to a non-owned automobile caused by theft or larceny."
"Insured's duties in event of loss, Part III: In the event of loss the insured shall: (a) Protect the automobile whether or not the loss is covered by this policy, and any further loss due to the insured's failure to protect shall not be recoverable under this policy; reasonable expenses incurred in affording such protection shall be deemed incurred at the company's request; (b) File with the company within 91 days after loss his sworn proof of loss, in such form, and including such information as the company may reasonably require, and shall, upon the company's request, exhibit the damaged property and submit to examination under oath."
"6. Action Against Company. * * *
"Parts II and III: No action shall lie against the Company, unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy nor, under Part III, until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy."
(Hn 2) The defendant in the court below made a motion to quash the process on the ground the court did not have jurisdiction for the reason that the Lumber Mutual Fire Insurance Company was a nonresident not subject to attachment under the laws of Mississippi. The record shows that an attachment was issued by the clerk against certain real property located in Coahoma County, Mississippi, alleged to be the property of Ira S. Feinberg. *388 The attachment writ directed the officer to "summon the said Ira S. Feinberg, if to be found in your county." The officer's return shows that it was served by "going upon the land". There is no "proof of publication" in the record to indicate that the defendant Ira S. Feinberg was served with notice of the suit against him by nonresident publication as is required by Section 2733, Miss. Code of 1942. See also Section 488 Griffith's Mississippi Chancery Practice. The motion to quash the process by the Lumber Mutual Fire Insurance Company, on the ground the chancery court had no jurisdiction against it, was properly overruled by the chancery court. Clark v. Louisville & N.R. Co., et al, 158 Miss. 287, 130 So. 302; York v. York, 187 Miss. 465, 193 So. 330; Sections 2729-2730, Code of 1942; Bean v. Bean, 166 Miss. 434, 147 So. 306; Snipes, et al v. Commercial & Industrial Bank, et al, 225 Miss. 345, 83 So.2d 179.
The appellant Coahoma County Bank & Trust Company complains on appeal that it made out a prima facie case against the defendant insurance company, and that the defendant insurance company offered no affirmative defense; therefore it is claimed the bank was entitled to recover the market value of the insured automobile.
The appellant bank cited 33 C.J., Insurance, Section 852, p. 123, which says, among other things: "A prima facie case in favor of plaintiff's right of recovery ordinarily is established by proving and introducing the policy, and proving the fact of the loss or injury and notice thereof to defendant; * * *". See 46 C.J.S., Insurance, Sec. 1348.
(Hn 3) Was the "fact of the loss", required by the foregoing authority, proven? The complainant offered testimony by the agent of the appellee insurance company to show that the insured Feinberg told him that his automobile was stolen, and appellant introduced letters stating that Feinberg told other people that his automobile was stolen, but there is no direct testimony in this *389 record from a witness who knew the facts, that Feinberg ever had his automobile stolen from him. The testimony as to what insured Feinberg said would be admissible against Feinberg, as a declaration against interest, but it was not admissible against the appellee insurance company for the purpose of showing loss under the policy. (Hn 4) The burden of proof is upon the complainant who alleges that there is a liability due him upon the part of the defendant. 20 Am. Jur., Evidence, Section 136, p. 141. (Hn 5) The party who has the burden of proof may be determined by considering which would succeed if no evidence was offered, and by examining what would be the effect of striking out of the record the allegations to be proved. The onus must be on the party who, under such test, would fail. See Miss. State Highway Commission v. Hillman, 189 Miss. 850, 864, 198 So. 565. (Hn 6) The loss payable clause in the policy did not create a new contract with the mortgagee, and the mortgagee had no right to recover under the policy unless the insured Feinberg had a right to recover for the theft of his automobile. Aetna Ins. Co. v. Cowan, 111 Miss. 453, 71 So. 746.
(Hn 7) The record in this case is not sufficient to establish, from the evidence, that there was a loss by theft of the automobile on which there was a trust deed due to the appellant bank.
In the case of Burns v. Home Fire & Marine Ins. Co., 140 N.Y.S. 2d 563, where a suit was brought to recover for cargo liability insurer the amount paid by the shipper to the owner for the loss of a motor alleged to have been stolen, the court said: "At the trial the issues were whether the electric motor had been stolen and whether the plaintiff had complied with the conditions precedent contained in the policy."
The appellant Bank alleged in its bill of complaint that the automobile had been stolen, and the defendant insurance company answered that it did not have sufficient *390 information to form a belief, but "defendant denies the same". The complainant Bank alleged that the theft of the automobile was reported to the insurance company, and the insurance company investigated the loss, and payment therefor was approved. The defendant insurance company answered and said: "This defendant denies the allegations in paragraph No. 5 of the complaint." The appellant Bank, now claims on appeal that since the defendant insurance company denied the allegations of the bill of complaint "by way of general traverse", the answer is insufficient as a denial and the defendant insurance company "has admitted all the material allegations of the bill", and cites as authority Section 1291, Miss. Code 1942. We do not agree that Mr. Feinberg or appellant bank was excused from making the proof under the facts in this case that there was a loss of the automobile by theft, as required by the policy. See Cooley's Brief on Insurance, Vol. 7 p. 5745. If, however, this were true, the complainant Bank would nevertheless be required to show that the insured, or some interested party for and on behalf of the insured, had complied with the requirements of the policy with reference to the filing with the insurance company a sworn proof of loss. The defendant insurance company in answer to the complaint that the loss was reported to the company, set out "but no proof of loss has been filed with regard thereto."
(Hn 8) The policy requires that the insured shall "(b) File with the Company within 91 days after loss his sworn proof of loss." This Court has held that where a "proof of loss" is required as a condition precedent to the recovery on an insurance policy, and there is no waiver, this Court will enforce the condition in the policy as it is written. See Southern States Fire Ins. Co. v. Hand-Jordan Co., 112 Miss. 565, 73 So. 578; Travellers Indemnity Co. v. Holiman, 174 Miss. 220, 164 So. 36; Aetna Life Ins. Co. v. Walley, 174 Miss. 365, 164 So. 16; *391 Southwestern Fire & Casualty Co. v. Kovar, 227 Miss. 386, 86 So.2d 356; Harris, et al v. American Motorist Ins. Co., (Miss.) 126 So.2d 870. See also, Young v. Travellers Ins. Co., (Miss.) 119 F.2d 877; 45 C.J.S., Insurance, Section 1056, p. 1280.
The appellant insists that the defendant insurance company cannot rely upon the absence of a proof of loss because: (1) defendant insurance company denied there was a loss by theft, and thereby waived any necessity for a proof of loss, and (2) upon being told by defendant Feinberg that his automobile was stolen, the agent for the insurance company, Stan Cohen Company by Mr. Stan Cohen, made no request for proof of loss from the bank or from Mr. Feinberg, the insured.
(Hn 9) We have carefully read the authorities cited by the appellant, and the other cases listed under Key Number 559(1), Insurance, Mississippi Digest, and we do not believe they help the appellant, because the insurance company had a right to rely upon the conditions of its policy requiring "proof of loss". It was the duty of the appellant Bank to prove not only that there was a loss by theft under the policy, but also to prove that the insured, or some person on behalf of the insured, filed a sworn proof of loss with the appellee insurance company. See the following authorities: Appleman's Insurance Law and Practice, Vol. 5, Sec. 3613 p. 798; Ibid., Vol. 8, Sec. 4746 p. 145, (The burden of proving an excuse for a failure to give the required notice rests upon the insured.); Wheeler v. London Guarantee & Accident Co., Ltd., (1934) 180 La. 366, 156 So. 420; Lambert v. Travellers Fire Ins. Co., (Fla. 1960) 274 F.2d 685.
(Hn 10) The complainant in the court below having wholly failed to make out a case against the insurance company by proving there was a loss, and by failing to show there was a proof of loss filed, there can be no recovery. The chancery judge was therefore correct in dismissing the bill at the cost of the complainant, and *392 the judgment of the lower court will therefore be affirmed.
Affirmed.
Lee, P.J., and Arrington, McElroy and Jones, JJ., concur.