RESERVE LIFE INSURANCE COMPANY, DALLAS, TEXAS *v.* WATKINS, et ux.

No. 43055 May 11, 1964 163 So. 2d 672

*William A. Bacon, L. O. Smith, Jr.,* Jackson, for appellant.

*Laurel G. Weir,* Philadelphia, for appellee.

BRADY, TOM P., J.

This is an appeal by the Reserve Life Insurance Company, Dallas, Texas, from a judgment entered in the Circuit Court of Neshoba County, Mississippi, on February 7, 1963, in favor of A. Clevie Watkins and wife, Mattie M. Watkins, against the appellant, Reserve Life Insurance Company, for the exiguous sum of $65.-00, together with legal interest and court costs.

The case was originally filed by A. Clevie Watkins and wife, Mattie M. Watkins, against the appellant in the justice of the peace court of district 1, Neshoba County, Mississippi. An appeal was taken from the judgment in the justice of the peace court dated June 1, 1962, against the appellant in the sum of $65.00. On July 27, 1962, upon filing of the proper appeal bond, the case was appealed to the circuit court. After the introduction of the evidence on behalf of the appellees, and after appellees had rested their case in the Circuit Court of Neshoba County, the appellant made a motion

that the court exclude the evidence of the appellees and direct a verdict for the appellant, assigning as reasons therefor, (1) that the appellees had failed to prove that the bill for the use of the operating room was the regular and customary charges for the services rendered as was required by the terms and provisions of the insurance policy on which the suit was based; and (2) that the Reserve Life Insurance Company had issued its check to the appellees in full payment of their claims and said checks had been accepted in payment and in accord and satisfaction.

This motion was overruled by the circuit court, the appellant offering no evidence but resting their case; the court instructed the jury for the appellees, and the jury returned a verdict against the appellant in the sum of $65. Judgment was entered in favor of A. Clevie Watkins, et ux., Mattie M. Watkins, jointly, against the appellant in the sum of $65, from which this appeal was taken.

The pertinent facts in this case are, as briefly as possible, as follows: On October 16, 1951, the Reserve Life Insurance Company, Dallas, Texas, issued its hospital and surgical expense policy, number R-923842, to A. Clevie Watkins, Mattie M. Watkins, his wife, Carol Watkins and Doyle Watkins, his children. This policy was in effect from the inception and during the illness of appellee Mattie M. Watkins for the period from December 12, 1961, to December 21, 1961.

Under part one, designated "Hospital Expense Benefits", Section B, it is provided: "USE OF OPERATING ROOM, the regular and customary charge for such services." It appears, therefore, that the policy provides for the payment of certain hospital and surgical expenses as set out in paragraph B, among which is the use of the operating room, and to pay the regular and customary charges for such services in the operating room. Mrs. Mattie M. Watkins, who was insured under

the policy and is one of the appellees herein, incurred a bill with the Neshoba County Hospital for services rendered to her for hospital care during the period from December 12 to December 21, 1961, in the amount of $248. This bill, which is Exhibit A to the appellees' testimony, lists a charge of $100 for the use of the operating room by the surgeon who operated on Mrs. Watkins for fibrosis uteri. The bill in the amount of $248, in addition to an allowance of $125 surgical fee, was paid by the appellant for hospitalization benefits afforded Mrs. Watkins. Also, a bill of $27.50 was paid by the appellant for antibiotics, $15.00, and surgical dressings, $12.50, furnished appellee. The payment of these amounts is evidenced by check numbered H19076 and check number H42901 in the sums of $280.50 and $27.50, respectively. Check number H19076 covered the following items, as evidenced by the code on the reverse side of the check:

| | | |
|---|---|---|
| " 1. | Hospital Room | $ 54.00 |
| 2. | Operating Room | 35.00 |
| 3. | Anesthesia | 20.00 |
| 4. | Laboratory | 7.50 |
| 7. | Medicines | 10.00 |
| 9. | Oxygen | 4.00 |
| 10. | Blood Transfusions | 25.00 |
| 12. | Surgery | 125.00 |
| | | $280.50" |

Check number H42091 covered the following items as shown by the code on the reverse side of the check:

| | | |
|---|---|---|
| "15. | Antibiotics | 15.00 |
| 8. | Surgical Dressing | 12.50 |
| | | $ 27.50" |

It appears from the two checks and the explanation of item B 2 thereon, that the appellant paid $35 for

the use of the operating room, rather than $100, being the charge set out in the hospital bill. Check number H19076 dated January 29, 1962, was endorsed by the appellee, Mattie Watkins, and deposited in the Citizens Bank in Philadelphia, and was finally paid by the Republic National Bank of Dallas, Texas, and charged to the account of the appellant on February 7, 1962. The other check, number H42901 likewise payable to Mattie M. Watkins, was endorsed by her and delivered to the Neshoba County Hospital, which deposited this check in the Bank of Philadelphia, which bank endorsed said check on March 5, 1962, and it was finally paid by the Republic National Bank of Dallas, Texas on March 6, 1962.

When the appellant declined to make any further payment, other than $35 for the use of the operating room, the appellee sued appellant in the aforesaid justice court for the sum of $65. This suit resulted in a judgment in favor of appellees for said amount, which judgment was appealed to the Circuit Court of Neshoba County. Appellant filed an answer in the circuit court and denied that the charge of $100 for the use of the hospital operating room was the customary and regular charge for such service as specified under the terms and provisions of the policy. It denied that it was indebted to the appellees in the sum of $65 or any amount whatsoever. An additional defense made by appellant was to the effect that the amounts due appellees under the policy of insurance had been paid by the two checks mentioned above, and that said checks had been accepted by appellees in full settlement of the amount due under the policy, and that appellant was not liable for any further payment for the use of the operating room. The appellees contend that they proved $100 is the regular and customary charge for the use of the operating room and that said amount was correctly charged in this case.

The assignment of error urged in this case by appellant is simply that the Circuit Court of Neshoba County erred in overruling the motion of the appellant to exclude the evidence of appellees and direct a verdict for the appellant. The question before us is did the appellees sufficiently prove that the $100 charge for the use of the operating room was a regular and customary charge?

The record discloses that the appellees used two witnesses and it is the testimony of these two witnesses upon which they relied to establish the fact that the charge for the operating room of $100 was the regular and customary charge. The first witness was Dr. J. M. Blount, Jr., who actually performed the operation upon the appellee. This doctor used the services of the operating room in connection with this operation. Dr. Blount testified on cross-examination that a maximum fee of $50 for use of an operating room in connection with major surgery would be reasonable. He testified that it took him approximately an hour and a half to perform the operation, and that a charge of $20.00 for the first hour's use and $7.50 for each additional hour's use of the operating room was very reasonable. When asked by appellant if the charge of $100 for the use of the operating room was unreasonable, he replied that he would object to that charge. The testimony of this witness clearly indicates that he was reticent about saying what a regular and customary charge for the use of the operating room would be, but indicated it would be less than $50.

It is upon the testimony of L. G. Salter, administrator of the Neshoba County Hospital, that appellees rely to establish their claim that the charge was regular and customary. The appellant likewise relied upon this same testimony to show that the $100 as testified to by the doctor and as explained by him is shown not to be a regular and customary charge. Careful reading of the

testimony of Administrator Salter indicates that he did not have any regular or customary charge with reference to the use of the operating room. He boasted of the fact that his hospital was the only one he knew of its class that did not receive one penny from the county. It is true that he testified the $100 charged Mrs. Watkins was a reasonable and customary charge; still his testimony, when read as an entirety, fails to disclose this most important fact. Turning specifically to the testimony of Mr. Salter, we find that he testified that the charge for the use of the operating room covered (1) the cost of light, (2) water, (3) oxygen, (4) nurses, (5) use of the table, (6) food, and (7) drugs. Attorney for the appellees asked this witness what the regular and customary charge for that service was and witness Salter replied $100. The bill from the Neshoba County Hospital, which was introduced, reflects, however, that specific charges were made for oxygen of $4.00, and for drugs, penicillin, $15.00, and for regular drugs $10.00. It appears, therefore, that the charge of $100, which includes these services, was not the regular and customary charge for the use of the operating room. Furthermore, it appears that this witness, when asked the question, was referring to or quoting from the bill which had been presented to the appellees for payment. On cross examination, witness Salter emphatically stated that he fixed the charges for the use of the operating room as he saw fit; that he varied the charges which he made; that he had no set charges for everybody for the same service; that at times the charges for the use of the operating room were less than $100, and at other times more than $100. Therefore, it is apparent when, taking the testimony of this witness as a whole, there is only one inescapable conclusion which can be reached, namely, that the hospital had no set charge for the use of the operating room and there was no method then in use by the hospital to determine the regular and custom-

ary charges unless it be a purely esoteric one in the mind of this administrator witness alone. It is interesting to note that the charges for oxygen, penicillin and regular drugs amounting to a total of $29.00 are listed separately on the bill and were paid. They are not included in the charge for the use of the operating room. If they had been, then the charge for the operating room should have been reduced by this $29.00 according to the categorical testimony of Salter. It is obvious, however, that charges for oxygen and drugs are charges made separately from that of the operating room and were properly listed on the bill, and, of course, have been paid by appellant.

Appellant urges that Mr. Salter could not charge in this case $100 for the use of the operating room when as a matter of fact $35 or even $27.50 would have been the regular and customary charges for the use of an operating room under these circumstances and for that period of time. Therefore, it appears that the appellees wholly failed to prove, as they are required to do under Section B of the insurance contract, that the $100 was the regular and customary charge for the use of the operating room, which was the amount charged to said appellees for said use.

It is unnecessary to consider the second point urged by appellant in its suggestion of error though there is abundant authority in support thereof.

 █ Since the appellees completely failed to prove their right to recover under the terms of the policy in that they did not establish the fact that the amount sought by the hospital for the use of its operating room was the regular and customary charge for such use, █ it follows that the trial court should have sustained the appellant's motion to exclude the evidence of the appellees and granted a directed verdict for the appellant. Coahoma County Bank & Trust Co. v. Feinburg, 241 Miss. 381, 128 So. 2d 562; American Bankers' Ins.

Co. v. Lee, 161 Miss. 85, 134 So. 836; Washington National Insurance Co. v. Fincher, 157 S. W. 2d 164; Mercury Life & Health Co. v. Morales, 325 S. W. 2d 459; Western Casualty Insurance Co. of Texas v. Penson, 348 S. W. 2d 234; 46 C. J. S., Insurance, Sec. 1307 b., p. 374, Sec. 1321 d., p. 453; and 20 Am. Jur., Evidence, p. 138.

The judgment of the court below is reversed and judgment entered here for the appellant.

Reversed and judgment here for appellant.

*Kyle, P. J.,* and *Ethridge, Rodgers* and *Patterson, JJ.,* concur.