305 So.2d 343 (1974)
CRESCENT PLYWOOD COMPANY
v.
John LAWRENCE et al.
No. 47824.
Supreme Court of Mississippi.
December 23, 1974.
*344 Ebb J. Ford, Jr., Gulfport, for appellant.
C. Randall Jones, Jr., Pass Christian, for appellees.
RODGERS, Presiding Justice.
On September 9, 1970, the complainant, Crescent Plywood Company, filed suit in the Chancery Court of Harrison County, Mississippi, against John Lawrence, Mitchell Kachler and Heritage Investment Corporation. Lawrence is a nonresident of Mississippi whose address is unknown, and process was perfected by publication only. Kachler and Heritage Investment Corporation are residents of and are domiciled in Harrison County, Mississippi, and appeared through counsel in the proceedings. The complainant alleges that nonresident defendant Lawrence purchased building supplies from complainant's place of business in New Orleans, and that payment was made with two checks which were subsequently dishonored. The complainant further alleges that resident defendants Kachler and Heritage Investment Corporation have in their possession property belonging to the nonresident defendant Lawrence, and that they are indebted to Lawrence. As a result of being unable to locate the nonresident defendant Lawrence, the complainant seeks an attachment and garnishment of the property and money.
On November 9, 1970, the resident defendant Heritage Investment Corporation filed an answer and a cross-claim against Crescent Plywood Company for the malicious and unlawful filing of a lawsuit. On December 8, 1970, the resident defendant Kachler answered and then counterclaimed against the nonresident defendant Lawrence. The counterclaim alleges that Kachler and Lawrence had entered into a construction contract where Lawrence, d/b/a John's Safeway Construction Company, was to remodel a building in consideration for twenty thousand five hundred dollars ($20,500.00). Kachler alleges that he advanced Lawrence sixteen thousand five hundred dollars ($16,500.00) and Lawrence then abandoned the construction without completing the work. Kachler alleges that it required additional expenses of twenty-seven thousand six hundred forty-three dollars and four cents ($27,643.04) to complete the job. Kachler further alleges that Lawrence owes him three hundred dollars ($300.00) in unpaid rent arising out of the leasing of a warehouse and office space.
On January 18, 1971, resident defendant and counterclaimant Kachler filed a motion *345 to dismiss the bill of complaint, maintaining that the complainant, Crescent Plywood Company, is a foregin corporation not qualified to do business in the State of Mississippi and, therefore, is not entitled to bring this suit in the courts of the State of Mississippi.
On March 30, 1971, Kachler also filed a motion asking the court to dismiss the case for lack of jurisdiction. He alleges that his right to counterclaim, set off or recoupment would prevent any recovery by Lawrence. Thus, he maintains that the complainant should not be allowed to recover from him, since the nonresident defendant Lawrence could not recover from him.
On May 26, 1971, the chancellor heard testimony and arguments with respect to the motion to dismiss the bill of complaint on the ground that the complainant has not been authorized to do business in the State of Mississippi; he then overruled the motion. At that same time the chancellor also heard arguments with respect to the motion to dismiss for lack of jurisdiction, and requested briefs from both parties. On July 18, 1973, having considered the briefs submitted by Mr. Kachler's attorney, (the complainant did not submit a brief) the chancellor entered an order sustaining the motion and dismissing the cause of action.
Earlier on January 10, 1972, the complainant had filed a motion to remand the case to the docket for testimony for the purpose of showing "in exact form the properties within the possession of garnishee defendant Mitchell Kachler subject to create the jurisdiction" in this cause. However, according to the record, the chancellor never heard arguments nor ruled on the motion.
From the order dismissing the cause of action, the complainant appealed and assigns as error the following:
(1) That the learned chancery court of the First Judicial District, Harrison County, Mississippi, did err in its order of dismissal of date July 18, 1973, dismissing the suit of Crescent Plywood Company as an attachment in chancery against the nonresident defendant Lawrence and against the resident garnishee defendant Mitchell Kachler and Heritage Investment Corporation.
(2) That the learned chancery court did err in not granting the motion of the complainant Crescent Plywood Company to remand this case to the docket for testimony, said motion reciting and pointing out that the answer of garnishee defendant Mitchell Kachler did admit that certain personal properties, wheelbarrow, digger, ladders, level, and vehicle and certain building materials were in his possession for this attachment in chancery by garnishment of a resident garnishee defendant.
(3) That the learned chancery court did particularly err in dismissing the cause upon the motion for dismissal for lack of jurisdiction in that the aforesaid resident defendants, Heritage Investment Corporation and Mitchell Kachler, had each filed counterclaims against the plaintiff (appellant here), one in the amount of some one thousand five hundred dollars ($1,500.00), and secondly in the amount of some three hundred dollars ($300.00), and for additional cost and attorneys' fees and rent and lien upon the very property which garnishee defendant Kachler did have in his possession.
The resident defendant Kachler (appellee here) filed a cross-assignment of error, as follows:
(1) That the chancery court of the First Judicial District, Harrison County, Mississippi, did commit error in its order of the 27th day of May, 1971, overruling appellee's motion to dismiss the bill of complaint for failure of the appellant (complainant below) for incorporation to qualify to do business in the State of Mississippi.
While the cross-appellant briefly mentioned the assignment of error, it was never *346 argued in the brief. The cross-appellee did not respond at all to the cross-assignment of error.
The testimony introduced by the complainant shows beyond any question that the complainant Crescent Plywood Company has its place of business at 959 South Clark Street, New Orleans, Louisiana, and that it sells building material to builders in many states. The material is ordinarily received by the purchaser at the plant, but it is often turned over to common carriers billed to the purchaser. The complainant sometimes delivers the material after purchase and payment have been made. There is nothing in the record to indicate that the complainant is doing, or has been doing, business in Mississippi.
The chancellor was correct in overruling the motion to dismiss on the ground that the complainant is a nonresident corporation doing business in Mississippi in violation of Mississippi Code Annotated Section 79-3-247 (1972), the applicable part of which is as follows:
"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state."
See also Allenberg Cotton Co., Inc. v. Pittman, ___ U.S. ___, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974).
The motion to dismiss for lack of jurisdiction in the chancery court should have also been overruled for the following reasons.
The bill of complaint filed in this case alleges, and the testimony shows, that an absconding debtor owes the complainant for certain building material found to be in the possession of one of the defendants [Mitchell Kachler] in Mississippi. The original bill prayed that an attachment and garnishment be served upon the defendants. Mitchell Kachler filed an answer in which he admitted that he had certain effects belonging to the absconding debtor. He admitted that he owed the debtor certain sums under a contract, but charged that he had certain items of set off claimed against the contract and effects of the absconding debtor.
Mississippi Code Annotated Section 11-31-1 (1972) provides as follows:
"The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising ex delicto against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor. The court shall give a decree in personam against such nonresident, absent or absconding debtor if summons has been personally served upon him, or if he has entered an appearance."
Under this section, Judge Griffith comments on the requisites to jurisdiction in V. Griffith, Mississippi Chancery Practice § 484, at 489-90 (2d ed. 1950):
"The proceeding is one primarily in rem; and in order to give jurisdiction in chancery by attachment against a nonresident there must exist the following factors: (1) The nonresidence of the debtor; and, (2) either (a) that he owns land in this state, or (b) that there are effects belonging to him in the hands of a person in this state, or (c) that there is some person in this state indebted to the said nonresident debtor, and (3) the issuance of the proper process against the land, or effects, or debt, as provided *347 by the statute, so as to bring the res under the control of the court; and it is well settled that when the jurisdictional facts do not exist the proceedings must be dismissed, even though the nonresident defendant has appeared, provided that in his appearance he raise at the outset the defect as to jurisdiction, and thus does not waive it." (Footnotes omitted).
As was stated in York v. York, 187 Miss. 465, 480, 193 So. 330, 333 (1940):
"In order to sustain an attachment in chancery [against a nonresident defendant] there must be a debt owing from the non-resident, and there must be effects in the hands of the resident defendants, or lands must be attached in the manner provided by the statute to give the court jurisdiction."
See also Universal Credit Co. v. Linn Motor Co., 195 Miss. 565, 15 So.2d 694 (1943); Louis Werner Sawmill Co. v. Sheffield, 89 Miss. 12, 42 So. 876 (1907); Advance Lumber Co. v. Laurel National Bank, 86 Miss. 419, 38 So. 313 (1905).
Since the defendant admits that he had effects belonging to the absconding debtor, the attachment and garnishment in chancery established jurisdiction in the chancery court where the effects were admitted to have been in the possession of the defendant.
The issue as to the adverse claims of the parties to set off and attachment are questions of law and fact for the court to determine upon a hearing on these issues, including priority of claims and liens. The judgment of the trial court must be reversed on direct appeal and affirmed on cross-appeal, and the cause remanded for further proceedings in the chancery court, not inconsistent with this opinion.
Affirmed on cross-appeal; reversed on direct appeal; and remanded.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.