LEE, Justice:
Appellee, Truckers Exchange, Inc., filed suit in the Circuit Court of Rankin County, Mississippi, against appellant, Maryland Casualty Company, to recover the sum of six thousand forty-seven dollars and twenty cents ($6,047.20) representing the value of one hundred seventy-six (176) cartons of boneless beef which appellee claimed were stolen. The action was upon an insurance policy issued by appellant. There was a jury verdict in the sum of four thousand five hundred dollars ($4,500.00), the maximum coverage under the policy, and judgment was entered for that amount.
The declaration charged (1) that the policy of insurance covered the load of boneless beef, (2) that the truck picked up five hundred fifty-three (553) cartons of beef but delivered only three hundred fifty-seven (357) cartons to Atlanta, (3) that during the trip one hundred seventy-six (176) cartons of beef were stolen and not delivered after they had been loaded for shipment and were being transported on a vehicle brokered through the insured, and (4) that the loss was reported to appellant and proof of loss was made, but appellant refused to pay the claim.
*675 Appellant admitted the alleged loss was reported to it, that proof of loss was made, and that it refused to pay the claim for the reason that it was not covered under the policy. Appellant denied that the 176 cartons of beef were stolen. Eight affirmative defenses were filed, all being policy defenses.
The sole question presented to this Court is whether or not the trial court erred in denying appellant’s motion to exclude the evidence on behalf of appellee and to direct a verdict in its favor and in denying appellant’s requested peremptory instruction.
We are of the opinion that the question must be answered in the affirmative and that the case must be reversed.
The only witness introduced by appellee was Wayne Miller who lived in Pearl, Mississippi, and who operated a truck brokerage business at the 1-20 & 49 Truck Plaza south of Jackson. He testified that the beef was loaded out of Philadelphia and Virginia on a Grantham Transfer truck. Its first destination was Raleigh, North Carolina.
Miller attempted to testify about pilferage and theft of the beef, but objections by appellant were properly sustained by the trial court on the ground that the testimony was hearsay. The only knowledge Miller had about the matter was obtained through telephone calls, bills and receipts. No person testified and no competent evidence was introduced to show the loading of the beef, the quantity missing, if any, or that a theft had occurred. It was essential to the plaintiff’s case that proof of theft of the beef be made by a preponderance of the evidence.
The case of Coahoma County Bank & Trust Company v. Feinberg, 241 Miss. 381, 128 So.2d 562 (1961) is authority for the Court’s decision here. In that case no direct testimony was introduced from any witness who had personal knowledge of the facts. Testimony as to what other persons said was held not admissible against the insurance company for the purpose of showing a loss under the policy. The Court said:
“Was the ‘fact of the loss’, required by the foregoing authority, proven? The complainant offered testimony by the agent of the appellee insurance company to show that the insured Feinberg told him that his automobile was stolen, and appellant introduced letters stating that Feinberg told other people that his automobile was stolen, but there is no direct testimony in this record from a witness who knew the facts, that Feinberg ever had his automobile stolen from him. The testimony as to what insured Fein-berg said would be admissible against Feinberg, as a declaration against interest, but it was not admissible against the appellee insurance company for the purpose of showing loss under the policy. The burden of proof is upon the complainant who alleges that there is a liability due him upon the part of the defendant. 20 Am.Jur., Evidence, Section 136, p. 141. The party who has the burden of proof may be determined by considering wliich would succeed if no evidence was ' offered, and by examining what would be the effect of striking out of the record the allegations to be proved. The onus must be on the party who, under such test, would fail. . . .” 241 Miss, at 388, 128 So.2d at 565.
See also State Farm Mutual Automobile Insurance Company v. Stewart, 288 So.2d 723 (Miss.1974).
Since the evidence was insufficient to establish a theft of the beef which disposes of the case, it is not necessary for the Court to consider any other matter raised by the affirmative defenses.
REVERSED AND JUDGMENT ENTERED HERE FOR APPELLANT.
GILLESPIE, C. J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.