335 So.2d 910 (1976)
O.B. GOUGH
v.
MABSCO, INC., a Missouri Corporation.
No. 48718.
Supreme Court of Mississippi.
August 3, 1976.
Parker, Averill & Winston, Tupelo, for appellant.
Mitchell, Rogers & Eskridge, Claude F. Clayton, Jr., William M. Beasley, Tupelo, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice, for the Court:
The appellant, O.B. Gough, filed suit in the Chancery Court of Itawamba County against Mabsco, Inc., a non-resident corporation not doing business in the State of Mississippi, on an indebtedness of six thousand *911 three hundred forty dollars and sixty-five cents ($6,340.65) and attachments issued against Belmont Manufacturing Company, Inc., and Harvey Chair Company, Inc., both resident corporations, for funds owed by them to Mabsco. The chancellor sustained a motion of Mabsco to dismiss the suit and quash the attachments, holding that the chancery court had no jurisdiction over the case.
The appellant contends (1) that the trial court erred in dismissing the attachments (garnishments) against Harvey Chair Company, Inc., and in declining to permit the case to proceed in rem; and (2) that the appearance of Mabsco was a general appearance and the trial court erred in declining to continue the cause until the next term.
The suit was filed under Mississippi Code Annotated § 11-31-1 and § 11-31-9 (1972), attachments (garnishments) issued against the resident defendants Belmont and Harvey, and Mabsco was processed under Mississippi Code Annotated § 13-3-57 (1972) [Long Arm Statute], although the bill of complaint failed to aver facts bringing Mabsco within that statute. Publication of summons was not made as provided by § 11-31-9.
The motion to dismiss and quash attachments was heard at the first term after the suit was filed. During the hearing on the motion, the chancellor indicated that it would be appropriate to grant a continuance in order that the complainant could avail himself of additional process (publication). Appellant then moved the court for a continuance in order to process Mabsco by publication, but the motion was overruled.
We are of the opinion that the trial court erred in holding that it had no jurisdiction of the case and in quashing the attachments, which effected a dismissal of the suit.
The garnishee/defendant Harvey Chair Company, Inc., answered the bill and admitted it was indebted to Mabsco, which established jurisdiction in the Chancery Court of Itawamba County, even though the court had no personal jurisdiction of Mabsco.
In Crescent Plywood Company v. Lawrence, 305 So.2d 343 (Miss. 1974), this Court said:
"Since the defendant admits that he had effects belonging to the absconding debtor, the attachment and garnishment in chancery established jurisdiction in the chancery court where the effects were admitted to have been in the possession of the defendant." 305 So.2d at 347.
See also Alabama, Tennessee and Northern Railroad Company v. Howell, 244 Miss. 157, 141 So.2d 242 (1962); and Coahoma County Bank & Trust Co. v. Feinberg, 241 Miss. 381, 128 So.2d 562 (1961).
If the appellant had attempted process by publication for Mabsco and that publication were defective, certainly the chancellor would have permitted appellant to republish and correct the defective process. Likewise here, he should have granted a continuance for the purpose of making publication in order that the cause could proceed in rem.
In this state, a defendant, individual or corporate, may appear specially for the sole purpose of objecting to jurisdiction of the court over his person on the ground that he is not amenable to process. The appearance of Mabsco was a special appearance for that purpose and was proper. Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN THE CHANCERY COURT NOT INCONSISTENT WITH THIS OPINION.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.